John L. Lohr, Jr. (SBN 019876)
Jackson D. Hendrix (SBN036452)
**HYMSON GOLDSTEIN PANTILIAT& LOHR, PLLC**
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ 85260
(480) 991-9077
jll@hgplaw.com
jhendrix@hgplaw.com
minute@hgplaw.com

*Attorneys for Defendants Arapaho, LLC and American Pride Properties, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christine M. Searle,<br><br>Plaintiff,<br><br>vs.<br><br>John M. Allen, in his official capacity as the Treasurer of Maricopa County; Arapaho, LLC; American Pride Properties, LLC, et. al.,<br><br>Defendants. | Case No. 2:24-CV-00025-jjt<br><br>**DEFENDANTS' MOTION TO DISMISS** |

By authority of *Fed.R.Civ.P.* 12(b)(1) and (b)(6), Defendants, Arapaho, LLC ("Arapaho") and American Pride Properties, LLC ("AMPP") (Arapaho and AMPP are hereinafter collectively referred to as "Defendants"), through counsel undersigned, hereby move this Court dismiss the Plaintiff's, Christine M. Searle ("Plaintiff"), First Amended Complaint (Doc. 14.).

As explained in the following Memorandum of Points and Authorities, judgment of dismissal is warranted here. Plaintiff and the Defendants here are no strangers to each other. Since 2021, Defendants and Plaintiff have been litigating their respective rights to the property in dispute as well as the validity of the judgment entered in the Arizona Superior Court against Plaintiff. During those two and a half years, Plaintiff never hinted she might have constitutional defenses to the judgment against her. Defendants believed this litigation was finally at an end when the Arizona Supreme Court denied Plaintiff's

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

petition for review from the Court of Appeal's decision affirming the denial of her motion to set the offending judgment aside.

Plaintiff however was not done with litigation and on January 5, 2024, sought relief from the judgment in this Court. Plaintiff's grounds for relief is that the judgment against her is a violation of the U.S. Constitution's Takings Clause and Excessive Fines Clause as well as analogous provisions in the Arizona Constitution.

Plaintiff's Amended Complaint, despite her best efforts, cannot ignore the unavoidable fact that the constitutional defenses raised here come too late. As argued in greater detail below, Plaintiff cannot come into this Court with new theories for why the judgment entered against her in courts of Arizona should be set aside. The Ninth Circuit's application of the *Rooker-Feldman* doctrine removes from this Court the jurisdiction to hear those claims. So too do Arizona's laws of *res judicata*. Moreover, Plaintiff's claims in this Court are too late in the literal sense as they all occurred more than two years before this action was filed and are barred by the statute of limitations.

This Motion is supported by the pleadings on record before this Court and the following memorandum of law set forth below. Defendants, by the signature of counsel undersigned, certify Defendants complied with Court's Preliminary Order (Doc. 12) and *LRCiv* 12.1(c) prior to submitting this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF FACTS RELEVANT TO THIS MOTION

According to Plaintiff, the facts giving rise to her claims stated in her original and First Amended Complaint began with the filing of a lawsuit filed by Defendant, Arapaho, LLC, ("Arapaho") in 2021 in the Maricopa County Superior Court (the "State Action"). (Doc. 14, ¶5, p.3.) Arapaho brought the State Action to foreclose on a tax lien sold to Arapaho by the Maricopa County Treasurer (the "Treasurer"). (Doc. 14, p.3, ¶4.) By that time, as Arapaho argued in its brief before the Arizona Court of Appeals, Defendant was

1     no stranger to both Arapaho or the tax lien foreclosure process and had already been sued

2     in related cases on multiple occasions including an action by Arapaho filed in 2020.

3             Regardless, the gist of Arapaho's State Action was to foreclose its tax lien pursuant

4     to Chapter 18, Title 42 of Arizona's Revised Statutes. (Doc. 14-1 at pp.2-4.) The property

5     at issue was then owned by Plaintiff and located at 513 S. Ash St., Gilbert, AZ 85233 (the

6     "Property"). (Doc. 14 at p11, ¶11; Doc. 14-1 at p.2.) Plaintiff failed to pay property taxes

7     to the Treasurer for several years including 2015, the tax year at issue in the State Action.

8     (Doc. 14, p.11, ¶47.)

9             Arapaho's Complaint in the State Action sought two forms of relief: First, that the

10    interest of the defendants (which included Plaintiff) be foreclosed pursuant to Ariz. Rev.

11    Stat. Ann. § 42-18204 on the grounds the property taxes secured by Arapaho's tax lien

12    were still delinquent. (Doc. 14-1 at p.3, ¶¶23-24.) Second, for an award of attorneys' fees

13    and taxable costs if the defendants (again including Plaintiff here) paid or "redeemed" that

14    tax lien after service but before entry of a final judgment. (Doc. 14-1 at p.4, ¶27.)

15            In addition to Plaintiff, Arapaho named as defendants in the State Action the

16    Treasurer as required by Ariz. Rev. Stat. Ann. § 42-18201(A), as well as defendants Lago

17    Estancia Community Association, Inc. and Platt and Westby, PC. (Doc. 14-1 at p.4, ¶27.)

18    The latter two defendants were judgment lien holders and Plaintiff's creditors since in

19    addition to failing to pay taxes, Plaintiff had failed to pay her homeowner's association

20    dues and apparently past attorneys as well. (Doc. 14-1 p.1, ¶¶3-4; Doc. 14, p.14, ¶54, n.9.)

21            After Arapaho filed the Complaint in the State Action, Arapaho recorded a Lis

22    Pendens with the Maricopa County recorder advising the public that the State Action

23    would affect the title to the Property as alleged in the Complaint. [1, 2]

24            [1] Defendants request this Court take judicial notice of the relevant portions of the
25    State Action (attached here as exhibits) without converting this Motion to one for
      summary judgment. *See Five Points Hotel P'Ship v. Pinsonneault*, 835 F.Supp.2d 753,
26    757 (D. Ariz. 2011) (holding a court may take judicial notice of undisputed facts that are
      in the public record on a motion to dismiss). Additional citations are made to the
27    unreported memorandum opinion issued by the Arizona Court of Appeals which heard
28    and rejected Plaintiff's appeal in the State Action. The prior record as cited here is not

3

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

On August 18, 2021, Plaintiff was personally served with the State Action Complaint as well as a copy of the recorded Lis Pendens. *See Arapaho LLC v. Searle*, No. 1 CA-CV 22-0478, 2023 WL 1830382, *1, ¶7 (Ariz. Ct. App. Feb. 9, 2023).[3] Plaintiff failed to answer the State Action Complaint and Arapaho moved for entry of default under Arizona Rule of Procedure 55(a). *See Searle*, 2023 WL 1830382 at *1, ¶8. That Rule required, among other things, that Plaintiff also be mailed a copy of the application for default in order to appraise defendants of the pending default. Ariz. R. Civ. P. 55(a)(3)(A). Under that same Rule, a default under Arizona law is not effective until ten days after application. *Id.* During that ten-day grace period, a defendant can avoid default by appearing and defending. *Id.*

But Plaintiff did not appear and the default became automatic. *See* Ariz. R. Civ. P. 55(a); *see also Searle*, 2023 WL 1830382 at *1, ¶8. Defendant Arapaho then moved for a default hearing and judgment against Plaintiff. *See Searle*, 2023 WL 1830382 at *1, ¶8. After a hearing before the Maricopa County Superior Court, a default judgment was entered against Plaintiff. *Id.* There was a scrivener's error in that initial judgment and Arapaho moved for entry of an amended judgment soon after. The final amended judgment was entered by the Superior Court on December 14, 2021. That final amended judgment is referred to in this Motion as simply the "Judgment".[4]

The Judgment, after affirming the jurisdictional and factual bases supporting entry its entry, provided the following:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** foreclosing the right of Defendants to redeem the tax liens pursuant to A.R.S. § 42-18204(A)(1).

---

disputed and provides this Court with additional procedural background helpful to properly analyzing the instant motion—namely the prior litigation between Searle and the Defendants here.

[2] A copy of the recorded *lis pendens* is attached to this Motion as **Exhibit "1"**.

[3] A copy of the affidavit of service from the State Action is attached to this Motion as **Exhibit "2"**.

[4] A copy of the recorded Judgment is attached to this Motion as **Exhibit "3"**.

4

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to A.R.S. § 42-18204(A)(2), the County Treasurer of Maricopa County shall, upon payment of the required fee pursuant to A.R.S. § 42-18205, and upon presentation of a certified copy of this judgment, expeditiously execute and deliver to Plaintiff a deed conveying to Plaintiff the property known as Assessor's Parcel No. **302-35-259**, with an purported address of 513 S. Ash St., Gilbert, AZ 85233 (hereinafter the "Property"). The Property is also identified with the legal description as follows:

> **Lot 41, of PARCEL 10 OF LAGO ESTANCIA, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 359 of Maps, Page 43.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, Defendants' heirs, agents, and assigns, are hereby foreclosed and have no further legal or equitable right, title, or interest in the Property subject to the right of appeal and stay of execution as in other civil actions.

(*See* **Ex. "3"** attached hereto.) The next day, December 15, 2021, Arapaho recorded a copy of the Judgment with the Maricopa County Recorder. (*See* **Ex. "3"** attached hereto.) Pursuant to the Judgment, the Treasurer recorded a deed (the "Treasurer's Deed") conveying Plaintiff's interest in the Property to Arapaho. (Doc. 14, p.11, ¶48.) Defendant American Pride is Arapaho's assignee and took title to the Property after delivery of the Treasurer's Deed. (Doc. 14, p.3, ¶6.)

Plaintiff, though her attorneys, appeared in the State Court Action and moved to set the Judgment aside. (Doc. 14, p.11, ¶49.) Plaintiff's motion to set aside alleged that she lacked proper notice of the State Court Complaint despite personal service on both her and her adult son who lived at the Property at that time. *See Searle*, 2023 WL 1830382 at *2, ¶9. The Superior Court, after full briefing and argument, denied Plaintiff's motion holding that Plaintiff was given all the notice required by Arizona's procedural rules and that she had failed to offer any other "extraordinary circumstances warranting Rule 60 relief" in her favor. *See Searle*, 2023 WL 1830382 at *2, ¶10.[5]

Plaintiff timely appealed that denial to the Arizona Court of Appeals. Again, after full briefing and argument, the Court of Appeals affirmed the denial by the trial court.

---

[5] A copy of the Superior Court's ruling in the State Action is attached here as **Exhibit "4"**.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

1   Plaintiff then sought relief from the Arizona Supreme Court filing a petition to review the

2   decision of the Cort of Appeals. Plaintiff's petition was denied on October 17, 2023. (Doc.

3   14, p.11, ¶49.)

4        After several rounds of attempting to resolve the matter outside of Court, the

5   communications between counsel for Plaintiff and Arapaho ended. Defendants soon

6   learned why. On January 5, 2024, Plaintiff commenced this action here filing her original

7   complaint and an application for a temporary restraining order and preliminary injunction.

8   (Doc. 1.) After discussion between counsel, the application for preliminary injunctive

9   relief was withdrawn (Doc. 11) and Plaintiff submitted her first Amended Complaint

10  (Doc. 14.)

11       The Amended Complaint, like its original, alleges the Judgment violates the

12  Takings and Excessive Fines Clauses of the U.S. and Arizona Constitutions. In support of

13  this allegation, Plaintiff points to Supreme Court case *Tyler v. Hennepin County*, issued

14  during the litigation in the State Action.

15       Defendants dispute *Tyler* applies to Arizona's tax lien scheme and object to

16  Plaintiff's allegations that they are in any way "state actors" and therefore liable to

17  Plaintiff for alleged constitutional violations. How American Pride, which even Plaintiff

18  alleges is merely an assignee, can be considered a state actor is not explained at all.

19  Regardless, that is how Plaintiff frames the claims and that is how the Defendants address

20  them in this Motion.

21       Moreover, because Plaintiff's entire case first requires this Court find Arizona's

22  century old tax lien statutes unconstitutional under the Arizona and U.S. Constitutions,

23  Defendants' Motion explains why this Court cannot or at least should not, address those

24  constitutional claims before first denying the bases for dismissal raised at least in part

25  below. Should this Court reject the grounds for dismissal, Defendants will move for

26  judgment as a matter of law that (1) Arizona's tax lien statutes are not constitutionally

27  infirm; and (2) Defendants are not state actors anyhow.

28

22071-228:PD 2727820v4

## II.     LEGAL ARGUMENT

Rule 12(b)(1) permits parties to move to dismiss a cause of action on the grounds the court lacks subject matter jurisdiction. Defendants' grounds for dismissal on jurisdictional grounds are set forth below in § II(A). Defendants also move to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). When analyzing a motion under 12(b)(6), "the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party." *Ader v. Simonmed Imagin, Inc.*, 324 F.Supp.3d 1045, 1049 (D. Ariz 2018) (citing *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)).  Accordingly, for purposes of this motion only, Defendants will treat the allegations of the Amended Complaint as true.  However, "the same does not apply to legal conclusions couched as factual allegations." *Stoker v. Hartford Life & Accident Ins. Co.*, 355 F.Supp.3d 893, 897 (D. Ariz. 2019) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

A court may take judicial notice of matters of public record without converting a motion to dismiss to a motion for summary judgment.  *See Five Points Hotel P'Ship v. Pinsonneault*, 835 F.Supp.2d 753, 757 (D. Ariz. 2011). In this case, Defendants request this Court take judicial notice of the following: (1) The form of the Judgment and its terms; (2) the recorded Judgment and recorded Lis Pendens from the State Action; (3) the undisputed facts from the State Action including the date and method of service of the Complaint, mailing of the application for entry of default;  and (4) the orders and opinions issued by the three courts which addressed the issues and claims in the State Action.  The above facts, in addition to having already been the subject of litigation, are also matters of public record and therefore capable of being taken into consideration under Rule 12(b)(6).

Sections II(B) through (H) set forth the specific grounds for dismissal under Rule 12(b)(6). Finally, Section II(I) establishes why Plaintiff should not be given leave to further amend her Complaint.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

7

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

**A.**   **The *Rooker–Feldman* Doctrine bars Plaintiff's claims Because Plaintiff is Seeking Relief from the Judgment Entered Against Her in the State Action**

"Federal courts have limited jurisdiction, possessing only the power authorized by the Constitution and statute." *Defenders of Wildlife v. Tuggle*, 607 F.Supp.2d 1095, 1098 (D. Ariz. 2009).   The *Rooker-Feldman* doctrine is a jurisdictional limitation which prohibits federal district courts from exercising appellate review over final state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855 (9th Cir. 2008). Accordingly, federal district courts lack jurisdiction to hear claims that seek to relitigate, void or alter state court judgments. *See id*. As the Supreme Court explained in narrowing the scope of *Rooker-Feldman*, that doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Henrichs v. Valley View Development*, 474 F.3d 609, 613-14 (9th Cir. 2007) (holding *Rooker-Feldman* applies "when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.") (internal quotation marks omitted).

Requests to void, set aside or otherwise nullify a state court judgment are "squarely barred by Rooker–Feldman" because that request "seeks redress from an injury caused by the state court itself." *Henrichs*, 474 F.3d at 613-14.   In addition to these direct challenges to state court judgments, the *Rooker-Feldman* doctrine also bars *de facto* appeals of a state court judgment. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir.2004). A federal action is a *de facto* appeal for purposes of Rooker-Feldman "where claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser*, 525 F.3d at 859 (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). When

8

22071-228:PD 2727820v4

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC

Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

1  addressing whether a *Rooker-Feldman* applies, the Ninth Circuit instructs courts "pay

2  close attention to the *relief* sought by the federal-court plaintiff." *Bianchi*, 334 F.3d at 900

3  (citations and internal quotation marks omitted) (emphasis in original).

4          Plaintiff's state and federal claims raised in her Amended Complaint are either

5  direct or *de facto* appeals from the State Action Judgment. First, the elements of *Rooker-*

6  *Feldman* set forth in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

7  (2005) are all met: (1) Searle lost in a state court action; (2) the injury from which she

8  seeks relief is the Judgment which foreclosed her interest in the Property and directed the

9  Treasurer to deliver a deed to Arapaho; (3) the Judgment was entered before Plaintiff filed

10 this action; and (4) Plaintiff asks this Court to review that Judgment and set it aside on the

11 grounds it violates Arizona and federal law. *Rooker-Feldman* squarely applies and this

12 Court lacks jurisdiction over Plaintiff's claims raised in her Amended Complaint. *See*

13 *Henrichs*, 474 F.3d at 613-14.

14         In her Amended Complaint, Plaintiff attempts to draft around *Rooker-Feldman*

15 arguing she "is not seeking a review of the state court's judgment and is not arguing that

16 the judgment was improper based on the Arizona statutory schemes. Instead, [Plaintiff]

17 raises separate constitutional claims based on the retention of a delta, and the delivery of

18 her home to a private party, which constitutes an unconstitutional taking under the Fifth

19 Amendment, an unconstitutional taking without just compensation, an excessive fine, and

20 unjust enrichment, among other things." (Doc. 14, p.14, ¶55).

21         This is mere semantics. Indeed, it is precisely Plaintiff's claim that the "retention of

22 a delta, and the delivery of her home to a private party" that triggers application of the

23 *Rooker-Feldman* bar because both are expressly ordered by the Judgment itself. (*See* **Ex.**

24 **"3"** attached hereto.) Plaintiff cannot claim otherwise as she makes this ***exact allegation***

25 in her Complaint stating that "[b]ecause of the judgment and the resulting issuance of the

26 treasurer's deed, Ms. Searle will be deprived of the value of all the equity she had built in

27 her home, in addition to one of her sole streams of retirement income via renting the

28

house." (Doc. 14, p. ¶52.) According to Plaintiff, it is the Judgment itself that is the source of her injuries from which she seeks relief in this Court.

Plaintiff's argument that the relief awarded in the Judgment violates the U.S. and Arizona Constitutions does not change the analysis. As noted above, Plaintiff locates the source of the constitutional violations in the Judgment itself. In other words, those constitutional claims "inextricably intertwined" with the Judgment. This Court could not grant Plaintiff the relief she seeks without undercutting the ruling of the State Court or without interpreting the application of Arizona state law.  To the extent Plaintiff's claims here are not a direct appeal of the Judgment they are a *de facto* appeal and thus barred under the Rooker-Feldman doctrine. *See Reusser*, 525 F.3d at 859.

That *Rooker-Feldman* bars Plaintiff's claims in this Court is confirmed by the relief she seeks. First, Plaintiff is asking for the Property back on the grounds that any claim to that Property violates the U.S. and Arizona Constitutions. (*See* Doc. 14, p.37 at Requests for Relief ¶¶A, B, D.) And second, if Plaintiff does not get the Property back, then she wants money damages in proportion to the equity she had in the Property less any taxes owed—the "delta" as Plaintiff styles it. (*See* Doc. 14, p.37 at Requests for Relief ¶¶C, E, F, I and L.) Relief in the form of the Property restored to her or money damages in the alternative is a direct attack on the Judgment which (1) divested Plaintiff of any interest in the Property and (2) directed the Treasurer to convey Plaintiff's interest to Arapaho. *Henrichs*, 474 F.3d at 613-14 (holding requests to void or nullify a state court judgment are "squarely barred" by *Rooker-Feldman*).

Plaintiff also hints in her Amended Complaint that *Rooker-Feldman* does not apply because the State Court did not actually hear her constitutional defenses to the State Court Action. (Doc. 14, p.12, ¶52.) This argument fails. Notably, the Supreme Court's summation of when *Rooker-Feldman* applies includes no "actually litigated" component. *See Exxon Mobil*, 544 U.S. at 284. Neither does the Ninth Circuit impose an "actually litigated" element.  *See Bianchi*, 334 F.3d at 900 ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22071-228:PD 2727820v4

the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.") (citations and internal quotation marks omitted); *see also Reusser*, 525 F.3d at 860-61 (holding *Rooker-Feldman* barred federal plaintiffs' claims that state court default judgment was procured by fraud and in violation of the automatic bankruptcy stay).

Plaintiff's Amended Complaint is one final effort by Plaintiff to set aside the Judgment entered in 2021 and which was the subject of substantial litigation at all levels of Arizona's courts for the last few years. The *Rooker-Feldman* doctrine bars Plaintiff from "crossing the street" to make one last appeal in this Court. Accordingly, her Amended Complaint should be dismissed. *See Reusser*, 525 F.3d at 860-61.

**B.**   **Arizona's *Res Judicata* Jurisprudence Precludes Plaintiff's Claims in this Federal Action Because Each of them Could Have Been Raised in the State Action Before and After Entry of the Judgment.**

Federal courts apply state law when analyzing the preclusive effect of a state judgment. *See Intri–Plex Techs., Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir.2007). The issue of whether Plaintiff's claims are barred as *res judicata* is appropriate for a determination on a motion to dismiss complaint. *Katz v. State of Conn.*, 307 F.Supp. 480, 483 (D. Conn. 1969); *Haydu v. City of Billings, Mont.*, 258 F.Supp. 785, 787 (D. Mont. 1966); *Inofast Mfg., Inc. v. Bardsley,* 103 F.Supp.2d 847, 849 (E.D. Pa. 2000). Federal courts must give preclusive effect to state court judgment if the same state courts would also do so. *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411,415 (1980).

In Arizona, the elements necessary to invoke the preclusive effect of *res judicata* is established as follows:

> Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

11

*Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 26 Ariz. App. 204, 206, 547 P.2d 56, 58 (1976) (quoting *Hoff v. City of Mesa*, 86 Ariz. 259, 261, 344 P.2d 1013 at 1014 (1959)). In Arizona, "[a] default judgment has the same res judicata effect as a judgment on the merits where the issues were litigated." *Technical Air Products, Inc. v. Sheridan-Gray, Inc.*, 103 Ariz. 450, 452, 445 P.2d 426, 428 (1968); *see also Miner Contracting, Inc. v. Toho-Tolani County Imp. Distr.*, 233 Ariz. 249 (Ct. App. 2013).

All of the elements for *res judicata* are met here: the parties are the same, there is a final judgment on the merits and the Arizona Court had all the jurisdiction it needed to enter the Judgment.  There is no doubt Plaintiff ***could have*** raised any of challenges she brings here in that same State Action. Nothing in Arizona law prevents its state courts from hearing claims that application of a statute is unconstitutional. But in Arizona, *res judicata* applies even though Plaintiff did not raise those challenges. *See Industrial Park*, 26 Ariz. App. at 206, 547 P.2d at 58.

That Plaintiff failed to appear in the State Action prior to entry of the Judgment does not affect that Judgment's prelusive effect. *See Technical Air Products*, 103 Ariz. at 452, 445 P.2d at 428. Moreover, even after she appeared, nothing prevented Plaintiff from seeking relief from the Judgment on the grounds that it was entered in violation of the U.S or Arizona Constitutions. *See, e.g.*, Ariz. R. Civ. Pro. 60(b)(6) (allowing parties to seek relief from a final judgment for "any other reason justifying relief.") Accordingly, the Judgment bars all of Plaintiff's claims today.

**C.**     **Plaintiff's Claims for Relief Under Federal Law Are All Barred By the Applicable Statute of Limitations.**

Plaintiff's causes of action brought under federal law, including her claim for declaratory relief, are all barred by the statute of limitations. The applicable time period for all of Plaintiff's federal claims is two years from the date of accrual. In this case, Plaintiff's federal claims accrued August 18, 2021, the date she was personally served with the Complaint in the State Action or at the very latest on December 14, 2021 when

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

12

the Judgment against her was recorded. Plaintiff did not commence this action until January 5, 2024 making her federal claims untimely. Dismissal under Rule 12(b)(6) is proper here because the "running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

### i.   The Applicable Statute of Limitations for Plaintiff's Federal Claims is Two Years from the Date of Accrual.

Plaintiff alleges that the Judgment against her violates the Fifth, Fourteenth and Eighth Amendments to the U.S. Constitution. Plaintiff, in addition to bringing claims "directly", also couches those claims in an action under 42 U.S.C. § 1983.

Regardless of her framing in the Amended Complaint, the only action available to Plaintiff to vindicate her constitutional rights is through a claim bought pursuant to 42 U.S.C. § 1983. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (reh'g en banc) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (citations omitted).

Section 1983 does not come with its own statute of limitations and instead borrows the application limitation period from the forum state's personal injury statutes. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). In this case, the limitation period for Plaintiff's § 1983 claims is two years. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) ("The applicable statute of limitations for personal injury claims in Arizona is two years.")

### ii.   Plaintiff's Action Accrued when she was able to bring a claim for relief including preliminary injunctive relief.

A cause of action brought under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)); *see*

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22071-228:PD 2727820v4

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC

Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

*also Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026–27 (9th Cir. 2007)).

With respect to a claim that Plaintiff's property was taken in violation of the U.S. Constitution, her claim accrued when she could bring an action challenging the taking or seeking relief. *See Honchariw v. County of Stanislaus*, 530 F.Supp.3d 939 (E.D. Cal. 2021) (citing *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)). Although a takings claim generally only accrues when there is a final judgment denying the owner compensation, "[a]n exception exists where the state does not have a "reasonable, certain, and adequate provision for obtaining compensation" at the time of the taking, in which case the facial takings claim is instantly ripe." *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1101-02 (9th Cir. 1998) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985)); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993) (holding statute of limitations barred the takings claim brought under § 1983 because the cause of action accrued as soon as a challenge could be heard in court).

Plaintiff's excessive fines claim also accrued for statute of limitations purposes at the time when she could bring a challenge or defense to the State Action. *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir. 1994) ("In order to contest a forfeiture, a claimant need only have some type of property interest in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest.").

Plaintiff's claims for declaratory relief are analyzed no differently than her § 1983 claims for the purposes of statute of limitations and accrual. *See Levald,* 998 F.2d at 688-89 (barring plaintiff's request for declaratory judgment under the same statute of limitations analysis applied to plaintiff's § 1983 claims).

Further, it is well established that § 1983 empowers federal courts to issue injunctive relief in order to prevent a deprivation of constitutional rights. *See Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022); *see also Sammartano v.*

14

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

*First Judicial District Court*, 303 F.3d 959, 974 (9th Cir. 2002) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.") (citations omitted). Thus, Plaintiff's claims accrued for purposes of the statute of limitations when she could have brought an action and request for an injunction to prevent the constitutional harm she alleges here.

> ### iii.    Plaintiff's Federal Claims Accrued When Plaintiff was Served with the Complaint in the State Action. Alternatively, those Claims accrued when the Judgment was Recorded.

All of Plaintiff's § 1983 claims accrued no later than the day Plaintiff was served with the Complaint in the State Action. Plaintiff's takings claims were "instantly ripe" upon service of that Complaint because, as Plaintiff alleges, there was no remedy for her to apply for just compensation under the applicable Arizona statutes. (Doc. 14, p. ¶.) Plaintiff did not need to wait for a final judgment to seek relief under § 1983. *See San Remo Hotel*, 145 F.3d at 1101-02.

The same is true for Plaintiff's claim that the Judgment represents an excessive fine barred by the Eight Amendment. The Complaint in the State Action certainly put Plaintiff on notice that her interest in the Property was in jeopardy. That was the entire purpose of that Complaint. That Plaintiff's interest in the Property was imperiled was further emphasized by the recording of a *lis pendens* (which Plaintiff was also served with) which informed Plaintiff that the Complaint would affect title to the Property. Plaintiff had no requirement that she wait until ***after*** the harm occurred to seek injunctive or declaratory relief.

Further, when Plaintiff was served, she could have immediately sought relief in either state or federal court seeking to enjoin the state proceedings pursuant to § 1983 in order to prevent the deprivation of her constitutional rights that were at issue in that State Action. *See Riley's American Heritage Farms*, 32 F.4th at 731.

Accordingly, Plaintiff's § 1983 claims, and by extension her related claims for declaratory relief, all began to accrue on August 18, 2021 when she was personally served

15

with the Complaint, Summons and copy of the recorded *lis pendens*. Even if that date was not close enough to an imminent final judgment to allow Plaintiff to seek relief under § 1983, Plaintiff was given notice on September 8, 2021 that an entry for default had been applied for and that within 10 days the default would be final unless she appeared and defended. Thus, Plaintiff had ***actual*** knowledge of the looming Judgment of which she now complains.

Finally, even if Plaintiff's § 1983 claims did not accrue until there was a final judgment, the two-year statute of limitations still bars her claims today in this Court. The Judgment itself was entered on December 14, 2021. It was then recorded on December 15, 2021 with the Maricopa County Recorder.  Even if Plaintiff lacked actual knowledge of the recorded Judgment, which is doubtful given she quickly appeared and moved to set that Judgment aside, Arizona law is clear that Plaintiff had ***constructive*** knowledge of the Judgment. Section 33-416, Ariz. Rev. Stat. Ann. provides that "[t]he record of a grant, deed or instrument in writing authorized or required to be recorded, which has been duly acknowledged and recorded in the proper county, shall be notice to all persons of the existence of such grant, deed or instrument[.]" *See also Transamerica Ins. Co. v. Trout*, 145 Ariz. 355, 701 P.2d 851, (Ariz. Ct. App. 1985) (holding creditor's fraudulent conveyance claim accrued when alleged fraudulent deed was recorded under theory that plaintiff had constructive notice of the recorded deed).

Plaintiff's federal causes of action are all time barred because this action was filed on January 5, 2024.  Even applying the latest time when Plaintiff had knowledge, December 15, 2021, her federal Complaint was still untimely as it was filed more than two years after Plaintiff's claims accrued.

D.   **Plaintiff's Direct Claims for Relief Under the 5th, 4th and 8th Amendments of the U.S Constitution Must Be Dismissed for Failure to State a Claim**

As noted above, Plaintiff cannot bring a direct claim for relief against Arapaho for violating its rights under the U.S. Constitution. *See Azul-Pacifico*, 973 F.2d at 705.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22071-228:PD 2727820v4

Accordingly, Plaintiff's First, Second and Sixth Claims for Relief must be dismissed. Fed. R. Civ. P. 12(b)(6).

**E.**     **Plaintiff's Request for Injunctive Relief is Barred by the Anti-Injunction Act**

The Anti-Injunction Act bars federal courts from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress[.]" 28 U.S.C. § 2283.   The Act's mandate extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. *See Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281, 287–88, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment. *Id.*

Plaintiff acknowledges that § 1983 grants federal courts the authority to enter injunctive relief in order to protect federal constitutional rights.   *See Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). However, as noted above, Plaintiff brings claims for relief directly under the U.S. Constitution. Plaintiff's unjust enrichment claim is also just another recitation of her takings claim disguised as an off contract state remedy. To the extent those claims are permitted notwithstanding this Circuit's holding in cases like *Azul-Pacifico*, Plaintiff's claims for relief are barred by the Anti-Injunction Act.

**F.**     **Plaintiff's Claims for Violation of Arizona's Constitution are Also Time Barred**

Plaintiff's Fourth, Fifth and Seventh Claims for Relief allege Arapaho violated the Arizona Constitution.   Like Plaintiff's analogous federal claims, those Arizona constitutional claims are also time-barred.

Like her claims for violation of federal constitutional rights, Plaintiff's claims that she suffered injuries under the Arizona Constitution requires Arapaho to be considered a state actor or state agent. Again, Arapaho reserves the right to dispute that it is a state actor under either the U.S. or Arizona Constitution. For purposes of this Motion however,

17

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

1   it is sufficient that Plaintiff alleges Arapaho is a state actor. (*See* Doc. 14 at ¶¶31, 65, 82,

2   84, 124, 129, 144.)

3          Indeed, absent Plaintiff's allegation Arapaho was "acting under color of state law",

4   Plaintiff has no claims against Arapaho under the Arizona Constitution since, like the U.S.

5   Constitution, the sections which Plaintiff alleges were violated only apply to actions by

6   the state of Arizona, its political subdivisions and municipalities or their agents.

7          First, Plaintiff's takings clause violations arise under Article 2, § 17 of the Arizona

8   Constitution. That section, like its federal analogy, requires some form of governmental

9   action that results in the deprivation of property or just compensation. *See Ariz. Elec.*

10  *Power Coop., Inc. v. DLJ 2007 LLC*, 246 Ariz. 534, ¶15 (Ariz. Ct. App. 2019).  Absent

11  allegations that Arapaho is acting as some form of state or municipal agent, Arapaho

12  cannot have violated Article 2, § 17 of the Arizona Constitution.

13         Second, Plaintiff's claim that the Judgment represents an excessive fine in violation

14  of Article 2, § 15 of the Arizona Constitution only applies to governmental action. This

15  section provides that "[e]xcessive bail shall not be required, nor excessive fines imposed,

16  nor cruel and unusual punishment inflicted."  As its text makes clear, this section, like that

17  in the Eighth Amendment of the U.S. Constitution, protects private citizens from their

18  state or local governments. *See State v. Russo*, 219 Ariz. 223, 196 P.3d 826 (Ct. App.

19  2008).

20         Finally, the same is true for Plaintiff's claim that the Judgment violates Article 9, §

21  7 (the "Gift Clause") as that section prohibits the state, nor any county, city, town,

22  municipality, or other subdivision of the state" from making certain gifts. *See e.g.*, *Schires*

23  *v. Carlat*, 250 Ariz. 371, 374–75, 480 P.3d 639, 642–43 (Ariz. 2021) (noting the Gift

24  Clause as intended to prevent "depletion of the public treasury or inflation of public debt

25  by a public entity engaging in non-public enterprises.") (cleaned up). Thus, Plaintiff's

26  claims that Arapaho violated her rights under the Arizona Constitution are only viable if

27  Arapaho is deemed to be the state, a political subdivision, municipality or some agent

28  thereof.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC

Attorneys & Counselors

14500 N. Northsight Boulevard, Suite 101

Scottsdale, Arizona 85260

Telephone: 480-991-9077 / Facsimile: 480-443-8854

18

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC

Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

Unfortunately for Plaintiff, the time to bring a claim against Arizona, or its employees or agents, is one year after the claim accrues. *See* A.R.S. § 12-821 ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward."); *see also Flood Control Dist. Maricopa Cty. v. Gaines*, 202 Ariz. 248 (Ariz. Ct. App. 2002) (affirming Arizona's statute limiting claims for violation of state rights against the state or state employees was a constitutional in that it regulated rather than abrogated the time to bring a cause for relief).

The notices Plaintiff received that caused her § 1983 claims to accrue described above all apply to Plaintiff's claims for an injury under Arizona's Constitution. Because the statute of limitations to seek relief from the State or its agents is one year from date of accrual, Plaintiff's state constitutional claims are similarly time barred. Indeed, Plaintiff has been actively litigating the State Action since at least March 28, 2022 when she moved to set aside the Judgment. *See Searle*, 2023 WL 1830382 at *2, ¶9. Either way, Plaintiff's claims that Arapaho violated the Arizona Constitution were filed well after the one-year period to seek relief under A.R.S. § 12-821. Accordingly, those claims must be dismissed.

### G. Pullman Abstention Would Apply Even if the Claims Were Not Time Barred

Pullman abstention permits federal court to "refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." *San Remo* at 1104. Pullman abstention is appropriate where "(1) the federal constitutional claim touches a sensitive area of social policy, (2) constitutional adjudication plainly can be avoided or narrowed by a definitive ruling by a state court, and (3) a possibly determinative issue of state law is doubtful." *Gearing v. City of Half Moon Bay*, 54 F.4th 1144, 1147 (9th Cir. 2022) (cleaned up).

The elements above weigh in favor of abstaining to hear Plaintiff's claims under Arizona law. First, state laws governing land use generally meet the "sensitive area of

social policy" element. *See Gearing*, 54 F.4th at 1151-52 (collecting cases). Second, a ruling by the Arizona courts of appeal would certainly narrow the litigation since it would eliminate or substantially reduce litigation in this Court over application of Arizona's Constitution to the tax lien statutes at issue. Finally, the third element is met because there has been no direct challenge to Arizona's tax lien statutes. Arapaho is not aware of any challenge that the excessive fines clause in the Arizona Constitution has been heard by a court of appeal in this State.

### H.  Plaintiff's Claim for Unjust Enrichment Should be Dismissed as Precluded, Untimely, and Simply Inapplicable

Unjust Enrichment under Arizona law has no place in this Complaint. As noted above, that claim is barred by *Rooker-Feldman* as a *de facto* appeal of the Judgment. Moreover, the claim the Judgment is unjust because it awards too much to Arapaho is precluded by application of Arizona's *res judicata* case law.

The statute of limitations under Ariz. Rev. Stat. Ann. § 12-821 also bars that claim on the grounds that Plaintiff is, at least according to her Amended Complaint, seeking relief from Arapaho as an agent of the state or similar public entity.

To the extent Plaintiff alleges Arapaho was not acting as a state agent, then Plaintiff has no reason for this Court to hear her state law claim almost exclusively reserved for disputes between parties in quasi-contractual relationship. Moreover, if Arapaho is not a state actor, there is no unjust enrichment claim at all. Arapaho was simply acting according to century-old statutes in the State Action. Plaintiff makes no allegation that Arapaho violated those statutes.  There can be no unjust enrichment for following laws which are presumed to be valid and constitutional.

### I.  Plaintiff Should Not be Granted Leave to Further Amend Her Complaint as Any Amendment Could Cure the Defects Stated above.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22071-228:PD 2727820v4

A court may dismiss a party's complaint without granting leave to amend if the court determines any further amendment would be futile. *See United States v. IASIS Healthcare Corp.*, 812 F.Supp.2d 1008, 1021 (D. Ariz. 2011).

No leave to amend should be granted here. First, Plaintiff was already apprised of the legal defects in her claims for relief and submitted here Amended Complaint in response. Second, Rooker-Feldman, res judicata and the statute of limitations defenses cannot be cured by any amendment. Plaintiff's claims for relief are legally defective and there is no reason for further rounds of amendments.

## III.   CONCLUSION

Plaintiff has already spent the last two years litigating the validity of the Judgment in Arizona's State Courts. She has no right to start that litigation anew in this Court simply because she came up new defenses. Accordingly, and for the reasons stated more fully above, Defendants respectfully requests its Motion to Dismiss be granted, that Plaintiff be denied any right to further amend her complaint and that Plaintiff's claims against them be dismissed with prejudice.

DATED this 27th day of February, 2024.

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

/s/ John L. Lohr, Jr.
John L. Lohr, Jr. (SBN 019876)
Jackson D. Hendrix (SBN036452)
*Attorneys for Defendants Arapaho, LLC and American Pride Properties, LLC*

22071-228:PD 2727820v4

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 27th day of February, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Defendants Motion to Dismiss of the following CM/ECF registrants:

Grady J. Block
William E. Trachman
**MOUNTAIN STATES LEGAL FOUNDATION**
gblock@mslegal.org
wtrachman@mslegal.org
*Attorneys for Plaintiff Christine M. Searle*

Veronica Lucero
**DAVILLIER LAW GROUP, LLC**
vlucero@davillierlawgroup.com
*Attorneys for Plaintiff Christine M. Searle*

Hayleigh S. Crawford
Emma H. Mark
Luci D. Davis
**KRIS MAYES ARIZONA ATTORNEY GENERAL**
Hayleigh.Crawford@azag.gov
Emma.Mark@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov
*Attorneys for Defendant Arizona Attorney*
*General Kris Mayes*

/s/ _____

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
Attorneys & Counselors
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22

22071-228:PD 2727820v4

# EXHIBIT 1

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
STEPHEN RICHER
20210842000   08/04/2021   10:30
ELECTRONIC RECORDING

1628095891270-3-1-1--
tomutac

**WHEN RECORDED, RETURN TO:**
John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260

---

DOCUMENT TO BE RECORDED:

**NOTICE OF LIS PENDENS**

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
8/3/2021 11:19:24 AM
Filing ID 13202845

John L. Lohr, Jr. (SBN 019876)
Jackson D. Hendrix (SBN036452)
**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077
E-mail: jll@hgplaw.com
jhendrix@hgplaw.com
minute@hgplaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ARAPAHO, LLC TESCO AS CUSTODIAN, an Arizona limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE M. SEARLE, a single woman; THE ESTATE OF CHRISTINE M. SEARLE, if deceased; UNKNOWN HEIRS OF THE ESTATE OF CHRISTINE M. SEARLE; LAGO ESTANCIA COMMUNITY ASSOCIATION, INC., a domestic nonprofit corporation; PLATT AND WESTBY, PC., a domestic professional corporation; MARICOPA COUNTY TREASURER, an Arizona political subdivision; JOHN DOES I through V; JANE DOES I through V; BLACK CORPORATIONS I through V; WHITE PARTNERSHIPS I through V; and GREEN LIMITED LIABILITY COMPANIES I through V;<br><br>Defendants. | Case No. **CV2021-012279**<br><br><br>**NOTICE OF LIS PENDENS** |

PLEASE TAKE NOTICE that the above-named Plaintiff has, on August 3, 2021, commenced a civil action against Defendants, in which relief sought affects title to, or interest in, real property known as Assessor's Parcel No. **302-35-259** with an address of 513 S. Ash St.,

123080:1/22071-227:PD
1792409v1

1 Gilbert, AZ 85233  (the "Property"). The Property is also identified with the legal description

2 as follows:

3          **Lot 41, of PARCEL 10 OF LAGO ESTANCIA, according to the plat of**
           **record in the office of the County Recorder of Maricopa County,**
4          **Arizona, recorded in Book 359 of Maps, Page 41.**

5 The names of the parties to the action are as follows:

6

7 Plaintiff:      ARAPAHO, LLC TESCO AS CUSTODIAN, an Arizona limited liability
                  company

8

9 Defendants:   CHRISTINE M. SEARLE, a single woman; THE ESTATE OF
                CHRISTINE M. SEARLE, if deceased; UNKNOWN HEIRS OF THE
10              ESTATE OF CHRISTINE M. SEARLE; LAGO ESTANCIA
                COMMUNITY ASSOCIATION INC., a domestic nonprofit corporation;
11              PLATT AND WESTBY, PC., a domestic professional corporation;
                MARICOPA COUNTY TREASURER, an Arizona political subdivision;
12              JOHN DOES I through V; JANE DOES I through V; BLACK
                CORPORATIONS I through V; WHITE PARTNERSHIPS I through V;
13              and GREEN LIMITED LIABILITY COMPANIES I through V;

14

15 RESPECTFULLY SUBMITTED this 3rd day of August 2021.

16

17          **HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

18          _____

19          John L. Lohr, Jr. (SBN 019876)
            Jackson D. Hendrix (SBN 036452)
20          *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

123080:1/22071-227:PD
1792409v1

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

# EXHIBIT 2

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
9/8/2021 2:45:48 PM
Filing ID 13349430

## Certificate of Service

| | |
|---|---|
| Arapaho, LLC Tesco as Custodian    (Plantiff) | In the Superior Court of Arizona |
| vs | In and for the County of Maricopa |
| Searle    (Defendant) | Case #:  CV2021 012279 |

__Christy Mortensen__ ,being duly sworn, states: that s/he is duly qualified to serve process in this cause within the county in which it was served, having been so appointed by the court.

**Service upon:**   Christine Searle

**With the document(s):**   Summons, Complaint & Fastar Certificate
                        Notice of Lis Pendens

From Richard Knaeble

That s/he personally served copies of these documents on those named in the manner, time and place shown; and except where noted all services were made in Pima County, Arizona

By serving               Christine Searle
                              (Name)                                    (Relationship)

at    [X] Other    Two Hats Training **Stable**
                  3801 N Tucson Blvd                         Tucson, AZ
                    (Street Address)                         (City, State, Zip Code)       ,

On        8-18-21
             (Date)

at        4:56pm
             (Time)

Manner of Service:

[X] By personally delivering copies to the person/authorized agent of entity being served.

[ ] By leaving, during office hours, copies at the office of the person/entity being served, leaving with the person
    authorized to accept.

[ ] By leaving copies at the dwelling , house or usual place of abode of person/entity being served, with a member of
    the household, 14 years of age or older and explaining the general nature of the papers.

[ ] By posting copies in a conspicuous manner to the address of the person/entity being served.

Description:   Age: 65+   Sex: F   Race: Cauc      Ht: 5-7   Wt: 200   Hair: Br

I declare that under penalty of perjury that the
information contained herein is true and correct.

_Christy Mortensen_  08/21/2021

Christy Mortensen        Date
Certified Process Server
Pima County, AZ

### Statement of Costs

| | | |
|---|---|---|
| Service | $ | 16 |
| Mileage | $ | 79 |
| Doc Prep | $ | 5 |
| Locate | $ | |
| Other | $ | |
| Total | $ | 100 |

**FIRST CLASS SERVICE**
(520) 401-4676

# EXHIBIT 3

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
STEPHEN RICHER
20211325033  12/15/2021  09:25
ELECTRONIC RECORDING

22071227B-7-1-1--
yorkm

**WHEN RECORDED, RETURN TO:**
John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Boulevard, Suite 101
Scottsdale, Arizona 85260

---

DOCUMENT TO BE RECORDED:

**AMENDED JUDGMENT**
(Supersedes prior recorded document no. 20211221210)

Clerk of the Superior Court
*** Electronically Filed ***
T. Sachse, Deputy
12/14/2021 8:00:00 AM
Filing ID 13710124

1 | John L. Lohr, Jr. (SBN 019876)
2 | Jackson D. Hendrix (SBN 036452)
**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
3 | 14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
4 | Telephone:  480-991-9077
E-mail: jll@hgplaw.com
5 | jhendrix@hgplaw.com
minute@hgplaw.com
6 | *Attorneys for Plaintiff*

7 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8 | **IN AND FOR THE COUNTY OF MARICOPA**

9 | ARAPAHO, LLC TESCO AS | Case No. CV2021-012279
CUSTODIAN, an Arizona limited liability
10 | company;
11 | | **AMENDED JUDGMENT**
Plaintiff,
12 |
v.
13 |
14 | CHRISTINE M. SEARLE, a single
woman; THE ESTATE OF CHRISTINE
15 | M. SEARLE, if deceased; UNKNOWN
HEIRS OF THE ESTATE OF
16 | CHRISTINE M. SEARLE; LAGO
ESTANCIA COMMUNITY
17 | ASSOCIATION, INC., a domestic
nonprofit corporation; PLATT AND
18 | WESTBY, PC., a domestic professional
corporation; MARICOPA COUNTY
19 | TREASURER, an Arizona political
subdivision; JOHN DOES I through V;
20 | JANE DOES I through V; BLACK
CORPORATIONS I through V; WHITE
21 | PARTNERSHIPS I through V; and
GREEN LIMITED LIABILITY
22 | COMPANIES I through V;
23 |
24 |
25 | Defendants.
26 |
This matter having come before the Court on Motion for Default Judgment by
27 | Plaintiff, ARAPAHO LLC TESCO AS CUSTODIAN, an Arizona limited liability company
28 |

*Left margin vertical text:* HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

("Plaintiff"). The Court, having reviewed the pleadings of record submitted by Plaintiff in connection herewith and having held a default hearing on November 9, 2021, finds that Defendants, CHRISTINE M. SEARLE, a single woman; THE ESTATE OF CHRISTINE M. SEARLE, if deceased; UNKNOWN HEIRS OF THE ESTATE OF CHRISTINE M. SEARLE ("Defendants"), were served with the Complaint, Summons, Certificate of Compulsory Arbitration and Notice of Lis Pendens by personal service on August 18, 2021, that Defendants failed to appear and answer Plaintiff's Complaint within the period prescribed by law, that the default of Defendants are duly entered by this Court. The Court finding that the sale of the 2015 tax lien certificate for Assessor Parcel No. **302-35-259**, with an purported address of 513 S. Ash St., Gilbert, AZ 85233 CP Number **15012304** ("tax lien") to Plaintiff was valid, that Plaintiff complied with the requirements of A.R.S. § 42-18201 *et al*, that the tax lien has not been redeemed by Defendants, and that Plaintiff is entitled to judgment foreclosing Defendants' right to redeem said tax liens pursuant to A.R.S. § 42-18204(A) and there being no just reason for the delay in the entry of this judgment, there being no further matters remain pending and that this Judgment is being entered pursuant to *Ariz.R.Civ.P.* 54(c). Based upon the foregoing findings, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** foreclosing the right of Defendants to redeem the tax liens pursuant to A.R.S. § 42-18204(A)(1).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to A.R.S. § 42-18204(A)(2), the County Treasurer of Maricopa County shall, upon payment of the required fee pursuant to A.R.S. § 42-18205, and upon presentation of a certified copy of this judgment, expeditiously execute and deliver to Plaintiff a deed conveying to Plaintiff the property known as Assessor's Parcel No. **302-35-259**, with an purported address of 513 S. Ash St., Gilbert, AZ 85233 (hereinafter the "Property"). The Property is also identified with the legal description as follows:

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

129211:1/22071-227:PD
1821283v1

CERTIFIED COPY - 8B3-7CC4-4885-348D - 12/15/2021 08:45:02 MST - Page 2 of 5

**Lot 41, of PARCEL 10 OF LAGO ESTANCIA, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 359 of Maps, Page 43.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, Defendants' heirs, agents, and assigns, are hereby foreclosed and have no further legal or equitable right, title, or interest in the Property subject to the right of appeal and stay of execution as in other civil actions.

DATED: _____, 202__.

_____
Judge of the Maricopa County Superior Court

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

3

# eSignature Page 1 of 1

Filing ID: 13710124   Case Number: CV2021-012279
Original Filing ID: 13658435

Granted as Submitted



/S/ Gary Popham Date: 12/13/2021

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2021-012279

SIGNATURE DATE: 12/13/2021

E-FILING ID #: 13710124

FILED DATE: 12/14/2021 8:00:00 AM

JOHN L LOHR JR.

Certification Page For: Case No. CV2021012279

Arapaho L L C Tesco Vs. Searle, Et.Al.

ORD - Order



This is an exact replica of the electronic court record of the Superior Court in Maricopa.

Attest: December 15, 2021

Certified Document Number: 8B3-7CC4-4885-348D

Total Pages: 5

This certified document can be visually verified at:
https://www.azcourtdocs.gov/arizona/publicRetrieveDocument.admin within 180 days from the above attest date.
In addition, at any time the court may be contacted directly to visually verify the document.

# EXHIBIT 4

Clerk of the Superior Court
*** Filed ***
06/08/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-012279                                06/07/2022

                                        CLERK OF THE COURT
HONORABLE GARY L. POPHAM JR.                  A.Hoff
                                              Deputy

ARAPAHO L L C TESCO AS CUSTODIAN        JOHN L LOHR JR.

v.

CHRISTINE M SEARLE, et al.              CORY L BRADDOCK

                                        COMM. POPHAM

MINUTE ENTRY

     Before the Court is Defendant Christine M. Searle's *Rule 60(b) Motion to Set Aside Judgment* which has been fully briefed and argued to this Court.  For the reasons that follow, the Court will deny Defendant Searle's *Motion* as the Court finds Plaintiff Arapaho, L.L.C. Tesco as Custodian ("Plaintiff Arapaho") complied with *Rule 55(a)(3)(A), Ariz.R.Civ.P.*, the November 9, 2021 *Default Judgment* is not void, and Defendant Searle has failed to demonstrate excusable neglect or a meritorious defense.

     Defendant Searle is the record owner of the real property located at 513 South Ash Street in Gilbert, Arizona (Parcel No.: 302-35-259) (the "Ash Street Property"), the property at issue in this tax lien foreclosure action.  Defendant Searle seeks, pursuant to *Rule 60(b)(4), Ariz.R.Civ.P.*, to have the November 9, 2021 *Default Judgment* entered against her set aside.  She contends that the *Judgment* is void because Plaintiff Arapaho did not provide her with notice of *Application for Entry of Default* filed with this Court on September 8, 2021.

     A party seeking relief from a valid, final judgment must show good cause for setting aside the judgment.  *See, Dauo v. Harris, 139 Ariz. 353, 358-359, 678 P.2d 934, 939-940 (1984); Webb v. Erickson, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982); Laveen Meadows*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-012279                                     06/07/2022

*Homeowners Association*, 249 Ariz. 81, 83, 466 P.3d 858, 860 (App. 2020).   Under circumstances where a plaintiff has failed to satisfy the notice requirements of *Rule 55(a)(3)*, *Rule 60(b)(4)* requires a court to grant relief to the defendant and render a judgment void.   *See, e.g.*, *Ruiz v. Lopez*, 225 Ariz. 217, 222-223, 236 P.3d 444, 449-450 (App. 2010).   The defendant bears the burden of demonstrating her entitlement to have the judgment set aside.   *Miller v. Nat'l Franchise Servs., Inc.*, 167 Ariz. 403, 406, 807 P.2d 1139, 1142 (App. 1991).

*Rule 55(a)(3), Ariz.R.Civ.P.* requires notice of default be given to a defendant claimed to be in default.   Where the plaintiff knows the "whereabouts" of the defendant claimed to be in default, the plaintiff is required to mail a copy of the *Application for Entry of Default* to that defendant.   *Rule 55(a)(3)(A), Ariz.R.Civ.P.*

Our courts have defined "whereabouts" to mean a specific address where the defendant claimed to be in default can be found or located.   *Ruiz v. Lopez*, 225 Ariz. at 221, 236 P.3d at 448.   Notably, *Rule 55(a)(3)(A)* does not require an *Application for Entry of Default* to be mailed to the defendant's residence indicating, as the *Ruiz* court recognized, the *Rule* "contemplates the possibility of mailing a notice to some other 'place' where the party can be found." *Id., 225 Ariz. at 222, 236 P.3d at 449.*

This Court finds Plaintiff Arapaho complied with the notice requirements of *Rule 55(a)(3)(A)*.   Plaintiff Arapaho, through counsel, mailed the September 8, 2021 *Application for Entry of Default* to Defendant Searle at the subject Ash Street Property (the same address Defendant Searle identifies as her mailing address with the Maricopa County Assessor and Maricopa County Treasurer, the same address where Plaintiff Arapaho's counsel sent in June 2021 notice (pursuant to *A.R.S. § 42*-18202) prior to this tax lien foreclosure action, the same address where mailings addressed to Defendant Searle from Plaintiff Arapaho's counsel were successfully delivered in January 2021 and August 2021, the same address where Defendant Searle's son who had communicated with Plaintiff Arapaho's counsel regarding Defendant Searle's redemption of a separate tax lien in June 2021 claimed to live) and to Two Hats Training Stable located on North Tucson Boulevard in Tucson, Arizona (the same address where Defendant Searle was personally served on August 18, 2021 with the *Summons* and *Complaint* in this tax lien foreclosure action and the same address Plaintiff Arapaho learned Defendant Searle frequented for the purpose of caring for horses).   *See, Plaintiff Arapaho's Application for Entry of Default* (filed September 28, 2021), mailing cert., p. 3; *see also, Declaration of John L. Lohr, Jr.* (filed April 8, 2022 with Plaintiff Arapaho's *Response*), ¶¶ 49-57.   These two addresses were

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-012279                                              06/07/2022

known whereabouts where Plaintiff Arapaho successfully had found and communicated with Defendant Searle in the months leading up to Arapaho's filing of its September 8, 2021 *Application for Entry of Default*.  Proper notice was given.

The Court is not persuaded by Defendant Searle's argument that a copy of the *Application for Entry of Default* should have been sent to her residence on North Jackson Avenue in Tucson, Arizona because, although Defendant Searle's claimed residence, the Jackson Avenue property is apparently surrounded by a locked gate and Plaintiff Arapaho has never successfully found Defendant Searle at the Jackson Avenue property such that the Jackson Avenue property would have been to Plaintiff Arapaho known whereabouts for Defendant Searle.  Furthermore, "whereabouts" as used in *Rule 55(a)(3)(A)* has been held to not be limited to a defendant's residence.  *Ruiz v. Lopez, 225 Ariz. at 222, 236 P.3d at 449*.

With respect to Defendant Searle's assertion that she never received the *Application for Entry of Default* mailed to the Ash Street Property and to the Two Hats Training Stable, Defendant Searle's mere denial of receipt of notice does not negate the evidence before this Court that Plaintiff Arapaho, through counsel, mailed the *Application* as required by *Rule 55(a)(3)(A)*.  *See, Plaintiff Arapaho's Application for Entry of Default* (filed September 28, 2021), mailing cert., p. 3; *see also, Declaration of John L. Lohr, Jr.* (filed April 8, 2022 with Plaintiff Arapaho's *Response*), ¶¶ 49-57.  Plaintiff Arapaho complied with *Rule 55(a)(3)(A)*.  Proper notice was given.  Furthermore, the tax lien foreclosure action was properly served and Defendant Searle failed to timely answer or otherwise appear and defend.  The November 9, 2021 *Default Judgment* is not void.

Although Defendant Searle has not argued that the November 9, 2021 *Default Judgment* should be set aside pursuant to *Rule 60(b)(1)* due to excusable neglect or pursuant to Rule 60(b)(6) because extraordinary circumstances justifies such relief, Defendant Searle did suggest that she was purposely waiting to receive the *Application for Entry of Default* before attempting to redeem the subject tax lien.  Such purposeful delay in addressing a lawsuit with which one has been served is not the actions of a reasonably prudent person.  Furthermore, there are no extraordinary circumstances warranting *Rule 60* relief in favor of Defendant Searle.  On the contrary, the *Default Judgment* having been entered nearly eight months ago, Plaintiff Arapaho's entitlement to the finality that should have resulted from the *Judgment* outweighs the general policy to have matters decided on the merits, especially in light of Defendant Searle's failure to assert any meritorious defense.  Defendant Searle has not shown good cause entitling her to *Rule 60* relief.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-012279                                                06/07/2022


Therefore,

**IT IS HEREBY ORDERED** that denying Defendant Searle's *Rule 60(b) Motion to Set Aside Judgment* (filed March 28, 2022).


_____
Gary L. Popham, Jr., Commissioner
Arizona Superior Court, Maricopa County