Grady J. Block, TX Bar No. 24120616 (Pro hac vice)
William E. Trachman, CO Bar No. 45684 (Pro hac vice)
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
gblock@mslegal.org
wtrachman@mslegal.org

*Attorneys for Plaintiff Christine M. Searle*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christine M. Searle,<br><br>           Plaintiff,<br>v.<br><br>John M. Allen ("Allen"), in his individual and official capacity, as The Treasurer of Maricopa County; Arapaho LLC; American Pride Properties, LLC; Kristin Mayes, in her official capacity, as the Attorney General of the State of Arizona; John Doe; Jane Doe; Black Corporations; White Partnerships; and Green Limited Liability Companies,<br><br>           Defendants. | Case No. CV-24-00025-PHX-JJT<br><br>**JOINT STIPULATED MOTION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT ATTORNEY GENERAL KRISTIN K. MAYES** |

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Christine M. Searle and Defendant Arizona Attorney General Kristin K. Mayes ("the moving parties") respectfully ask the Court to dismiss with prejudice all claims against the Attorney General. In so moving, Attorney General Mayes acknowledges and states the following view of the law:

1. In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the U.S. Supreme Court confirmed that states can collect "taxes on property," and "[i]n collecting these taxes, [states] may impose interest and late fees," *id.* at 637-38, as well as "seize and sell property, including land, to recover the amount owed," *id.* at 638, 639. The Supreme Court held, however, that states cannot "confiscate more property than [is] due," which violates the Fifth Amendment's Takings Clause as incorporated against the states through the Fourteenth Amendment. *See id.* at 637, 639 (citation omitted).

2. Consistent with *Tyler*, Arizona's statutory scheme recognizes that when the State forecloses on an unsatisfied tax lien, it cannot confiscate more than it is owed. *See* A.R.S. §§ 42-18303(C), 42-18113(B)(1). Rather, the State must sell the encumbered property, subtract the amount owed—including interest, penalties, fees, and costs—and return the "balance remaining" to "the owner of the property who was dispossessed by the sale." A.R.S. § 42-18303(C); *see id.* § 42-18113(A), (B)(1) (providing that a county treasurer can assign the lien to the State, and that taxes "assessed against that property are not payable until they have been derived from the sale or redemption of the property" or resale of the lien).

3. Arizona's statutory scheme allows county treasurers to sell tax liens to private parties to "secure the payment of unpaid delinquent taxes." A.R.S. § 42-18101(A); *id.* § 42-18114 (authorizing sale to "the person who pays the whole amount of delinquent taxes, interest, penalties and charges due on the property, and who in addition offers to accept the lowest rate of interest on the amount so paid to redeem the property"). When county treasurers sell tax liens to private

2

parties, they do so on the State's behalf. *See id.* § 42-18001(A)(1).

4. Under *Tyler*, the State cannot "extinguish a property interest that it recognizes everywhere else to avoid paying just compensation when it is the one doing the taking." 598 U.S. at 645. And because the State cannot authorize others to do that which the State is not empowered to do, county treasurers cannot sell to private parties more of a property interest than the State itself could be assigned and retain. Thus, when a private party purchases a tax lien pursuant to A.R.S. §§ 42-18101 *et seq.*, only the interest in the tax lien (including authorized fees, costs, and interest) is conveyed.

5. Accordingly, under *Tyler*, A.R.S. § 42-18204(B) is unconstitutional to the extent it purports to extinguish a dispossessed owner's property interest in the sale proceeds or value of the equity that exceed what the State is owed and could retain by statute. Further, to the extent a private party retains the excess proceeds of a sale or value of the equity in a home that exceeds what the State could retain by statute, that result is an unconstitutional taking under *Tyler*.

6. Accordingly, the moving parties agree that:

    a. The State does not presently possess any property or funds that belong to Plaintiff;

    b. given the Attorney General's view of the law in light of *Tyler*, Plaintiff has thus received all the relief from the Attorney General to which she is entitled and that the Attorney General can give with respect to Plaintiff's claims; and

    c. the claims against the Attorney General should therefore be dismissed.

Notwithstanding the foregoing, Plaintiff reserves all claims, arguments, and other rights available by law with respect to the Maricopa County Treasurer John M. Allen, Arapaho LLC, and American Pride Properties LLC, and does not waive or forfeit any claims or arguments against the remaining private party defendants with respect to

Plaintiff's property interests.

For purposes of this stipulated dismissal, the Attorney General takes no position on the remaining issues in the case, including any defenses, which are for the private parties to resolve.

The moving parties agree that the Attorney General does not waive or forfeit any claims, defenses, arguments, or other rights available by law in future proceedings in this matter or any related matters, except to the extent that they contradict the acknowledgments and statements above.

For these reasons, the moving parties respectfully ask the Court to dismiss with prejudice all claims against the Attorney General and enter the proposed order attached herewith. The moving parties agree to bear their own costs and fees.

RESPECTFULLY SUBMITTED this 20th day of March, 2024.

By: */s/ Grady J. Block*
Grady J. Block* (Pro hac vice)
William E. Trachman (Pro hac vice)
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
gblock@mslegal.org
wtrachman@mslegal.org

By: */s/ Veronica Lucero*
Veronica Lucero
Davillier Law Group LLC
4105 N. 20th St., Ste. 110
Phoenix, AZ 85016
Tele: (602) 730-2985 ext. 705
Fax: (602) 801-2539
vlucero@davillierlawgroup.com

*Attorneys for Plaintiff Christine M. Searle*

|   |   |
|---|---|
| 1 | By:   /s/ *Luci D. Davis (with permission)* |
| 2 |     Hayleigh S. Crawford (No. 032326) |

By: /s/ *Luci D. Davis (with permission)*

Hayleigh S. Crawford (No. 032326)
Emma H. Mark (No. 032249)
Luci D. Davis (No. 035347)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Emma.Mark@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov

*Attorneys for Defendant Arizona Attorney General Kristin K. Mayes*

**CERTIFICATE OF SERVICE**

    I hereby certify that upon filing this Motion on this 20th day of March 2024, I shall cause a true and correct copy of the foregoing **JOINT STIPULATED MOTION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT ATTORNEY GENERAL KRISTIN K. MAYES** to be electronically circulated to the following counsel in this matter:

    Arapaho LLC:	John L. Lohr Jr., jll@hgplaw.com

    American Pride Properties, LLC:	John L. Lohr Jr., jll@hgplaw.com

    Treasurer John Allen:	Kim Miles, milesk@mcao.maricopa.gov
                                         Kate Kane, Katherine.Kane@mcao.maricopa.gov

                                 */s/ William E. Trachman*
                                 William E. Trachman