**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christine M. Searle,

        Plaintiff,

v.

John M. Allen, *et al.*,

        Defendants.

No. CV-24-00025-PHX-JJT

**ORDER**

Having gone through a federal appeal and simultaneous state court litigation, this matter has evolved considerably since the Court entered its original dismissal order. Now, there is great need for a comprehensive restatement of which claims are now viable, and which dispositive motions are properly before the Court and pending resolution. To put it simply, a portion of all of Plaintiff's claims remain viable and are subject to the original Motion to Dismiss[1] as supplemented by the parties' recent briefing. Meanwhile, Counts One and Six are subject to Plaintiff's Motion for Partial Summary Judgment, the briefing and resolution of which shall proceed in the ordinary course.

## I.    BACKGROUND

On January 5, 2024, Plaintiff sued Arapaho, American Pride, Maricopa County, and county treasurer Mr. John M. Allen for retaining excess sale proceeds from the foreclosure sale of her property in violation of the federal and state constitutions. Arapaho and

---

[1] The original Motion to Dismiss was granted by the Court on the *Rooker-Feldman* doctrine alone and was later reversed in part, and now the Court must evaluate the remaining arguments raised but never reached.

American Pride ("Private Defendants") moved to dismiss Plaintiff's claims, and among the arguments for dismissal were preclusion under the *Rooker-Feldman* doctrine. (*See* Doc. 31.) Maricopa County and Mr. Allen ("County Defendants") joined the Motion. (Doc. 51.) The Motion was fully briefed by the parties. (*See* Docs. 37, 49, 50, 52, 60, 62.)

On July 16, 2024, the Court dismissed most of Plaintiff's claims under the *Rooker-Feldman* doctrine and dismissed the remaining state law claim for lack of supplemental jurisdiction. (*See* Doc. 70.) Plaintiff appealed (Doc. 72), and what followed can only be described as a procedural mess. In addition to appealing this Court's dismissal order, Plaintiff filed a nearly identical state court action in the Maricopa County Superior Court, cause number CV2024-022530. (*See* Doc. 89.) In the ensuing state court action, Defendants moved to dismiss Plaintiff's claims and Plaintiff separately moved to stay the state court action pending the resolution of the federal appeal. The state court granted both motions and ultimately deferred entering the dismissal as a final order until the federal appeal reached resolution. (*See* Doc. 89-1 at 442–44.)

On August 28, 2025, the Ninth Circuit affirmed in part and reversed in part this Court's dismissal. *Searle v. Allen*, 148 F.4th 1121 (9th Cir. 2025). Two months later, the state court dismissed all of Plaintiff's claims with prejudice, except for Counts One and Six,[2] which were dismissed without prejudice. (Doc. 89-1 at 453–57.) Plaintiff appealed. (*Id*. at 459–61.) That appeal was "indefinitely stayed" because the state court judgment was "defective" and "not a final judgment that could be subject to appeal." (Doc. 103 at 2). As of the date of this Order, the state court has not yet issued a final order and the state appeal remains stayed. (*See, e.g.*, Docs. 103, 113.)

On November 3, 2025, this Court held a status conference and ordered the parties to file supplemental briefs identifying which of Plaintiff's claims are viable in light of the federal appeal and state court judgment. The parties submitted briefing (Docs. 88, 90, 92) and a joint appendix of the state court filings (Doc. 89). Private Defendants now move for leave to file a reply to their supplemental briefing (Doc. 93), and Plaintiff moves for partial

---

[2] The state court dismissed the first and fifth claim before it, which were identical to Counts One and Six of Plaintiff's Second Amended Complaint at issue here. (*See* Doc 88 at 4.)

summary judgment as to liability on her first and sixth claims (Doc. 97). Defendants request—and Plaintiff contests—that the Court either strike Plaintiff's Motion for Partial Summary Judgment, deny it without prejudice, stay briefing pending resolution of the earlier Motion to Dismiss, or stay this entire matter under the state appeal resolves. (Docs. 100–01, 104–06.)

## II.    VIABLE CLAIMS AND MOTION TO DISMISS

As a threshold matter, it is clear that all of Plaintiff's claims survived the federal appeal but the scope of each claim was narrowed to those portions that "challenge [] Defendants' post-judgment retention of the excess equity." *Searle*, 148 F.4th at 1131. In applying this filter, the viable claims include: (1) the parts of Counts One, Two and Six that directly challenge Defendants' failure to provide just compensation in violation of the federal and state constitution Takings Clause; (2) the parts of Counts Three and Five that challenge Defendants' retention of the excess equity as a taking without a valid public use in violation of the federal and state constitution Takings Clause; and (3) the parts of Counts Four, Seven, and Nine that challenge the retention of surplus proceeds as unjust enrichment or an excessive fine. *Id.* at 1131–32. The Ninth Circuit did not address Count Eight, but the Court reads the mandate to instruct that this claim is also narrowed by the same filter.

The Court's inquiry does not end here. Another, perhaps more complicated, layer is the effect of the state court judgment which, at the time of this Order, is not considered to be an appealable judgment under Arizona Rule of Civil Procedure 54. (*See* Doc. 103.) The parties agree that Counts One and Six of Plaintiff's Second Amended Complaint at issue here survive the state court judgment regardless of that judgment's appealability. (*See* Doc. 92 at 2). As for the other claims, Defendants argue—and Plaintiff disputes—that they are barred under the claim preclusion doctrine as a result of the state court judgment.

The Court need not resolve the issue of claim preclusion and its interplay with the state court judgment here. It will be decided alongside Defendants' other bases for dismissal as argued in the original Motion to Dismiss[3] briefing. To assist the Court in

---

[3] Plaintiff argues that the Motion to Dismiss is no longer pending because Defendants did not renew it and the Ninth Circuit "wiped the slate clean." (Doc. 104 at 9–10.) But

evaluating whether the state court judgment precludes Plaintiff's claims, ensure that the parties had a fair opportunity to present their arguments, and in acknowledgment that Defendants ultimately bear the burden of persuasion on the original Motion to Dismiss, the Court will grant Private Defendants' Motion for Leave to File Sur-Reply in Support of Supplemental Brief (Doc. 93) and order County Defendants to file a reply brief addressing Plaintiff's Supplemental Brief (Doc. 92) no later than **March 12, 2026**.[4] No other additional briefing is permitted. Once completed, the Court will resolve which of Plaintiff's claims, if any, are either barred or fail to pass the threshold of Rule 12(b)(6).

**III.    MOTION FOR PARTIAL SUMMARY JUDGMENT**

As forecasted by Plaintiff in prior proceedings and briefing, she has moved for partial summary judgment for liability as to Counts One and Six. (*See* Doc. 97.) The parties disagree as to whether Plaintiff's Motion for Partial Summary Judgment is appropriate at this stage. First, Defendants maintain that the Court forbade dispositive motion practice at the November 3, 2025 status conference. It is true, as Defendants contend, that the Court was primarily interested in hearing what effect the Ninth Circuit mandate and state court judgment had on Plaintiff's claims and ordered briefing to that effect. But it is also true, as Plaintiff contends, that the Court did not stay the matter pending resolution of that briefing. In fact, the Court voiced concern about freezing these proceedings and expressed the possibility of moving forward on "two tracks." The Court need not parse its words further and declines to strike Plaintiff's Motion on the basis that she disregarded this Court's case management plan.

Second, Private Defendants argue that partial summary judgment is premature because Defendants have not yet filed an answer, conducted discovery, or had a Rule 16

---

Defendants did renew the Motion to Dismiss in their supplemental briefs. (Doc. 88 at 1; Doc. 90 at 1.) Even if they had not, the Ninth Circuit mandate pointedly left the Court to address the remaining arguments raised by the parties regarding dismissal, leaving the original Motion undecided. It is not just appropriate, but necessary, to revisit and resolve the Motion.

[4] In their supplemental briefing, Defendants restate many arguments they have already raised, or could have raised, in the original Motion to Dismiss briefing. Those arguments exceed the bounds of the supplemental briefing. Accordingly, the Court will disregard line 15 of page 6 through page 17 of County Defendants' supplemental brief (Doc. 88) and line 26 of page 6 through page 17 of Private Defendants' supplemental brief (Doc. 90).

meeting. (Doc. 100 at 5.) It is fair to say that a pre-answer summary judgment motion is unusual to the rote pretrial process. But it is not impermissible. Parties may move for summary judgment "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), and "no answer need be filed before a motion for summary judgment may be entertained," *Homesite Ins. Co. v. Schlackman*, 671 F. Supp. 3d 1205, 1211 (W.D. Wash. 2023) (citation modified). Certainly, there are times when a pre-answer summary judgment motion is premature. This is so when "discovery is needed to resolve factual disputes."[5] *Id*. at 1212 (collecting cases); *see Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). But in cases where no factual disputes exist, a pre-answer summary judgment motion may proceed. *See Schlackman*, 671 F. Supp. 3d at 1212 (allowing a pre-answer summary judgment motion where the movant sought declaratory judgment regarding an indemnity provision in an insurance contract).

Plaintiff contends, and Defendants do not contest, that no factual disputes exist as to Counts One and Six. Private Defendants even concede that they "are not arguing that discovery is needed before responding to the MPSJ." (Doc. 106 at 8.) Instead, they argue that proceeding to partial summary judgment is imprudent when the Motion to Dismiss remains unresolved. (Doc. 100 at 8; Doc. 101 at 2.) While the Court agrees that the Motion to Dismiss should be resolved first, it does not necessarily follow that the partial summary judgment motion cannot be primed for prompt resolution. Doing so is not overly burdensome to Defendants because no relevant facts are disputed, only two claims are at issue, and many of the pertinent legal arguments have already been briefed in relation to the Motion to Dismiss. Accordingly, the Court declines to dismiss or stay briefing upon the Motion for Partial Summary Judgment.

Finally, Private Defendants argue that a stay of these proceedings is appropriate until the state appeal is completed. (Doc. 100 at 8.) Plaintiff asserts that a stay will harm her by delaying this matter indefinitely while the state appeal remains in limbo. (Doc. 104

---

[5] In fact, there is a mechanism under Rule 56(d) in which the nonmovant can avoid, at least for a short time, summary judgment if more discovery is necessary. That mechanism requires the nonmovant to show by affidavit or declaration that it cannot present essential facts. No Defendant presents an affidavit or declaration to this effect.

at 13–14.) The potential indefiniteness of a stay presents a fair possibility that Plaintiff will be harmed by the delay, so Private Defendants "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Private Defendants assert that they should not be forced to respond to the partial summary judgment motion "simply because Plaintiff chose to file one" (Doc. 106 at 8), but "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (citation modified). Private Defendants fail to demonstrate a clear case of hardship or inequity in being required to go forward, so the Court declines to issue a stay of these proceedings.

Given the consensus that Counts One and Six survive both the federal appeal and state court judgment and that no factual disputes exist as to those claims, it is appropriate that Plaintiff's Motion for Partial Summary Judgment proceeds. *See Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) ("Federal courts have inherent power to control the disposition of the causes on their dockets with economy of time and effort for themselves, for counsel, and for litigants.") (citation modified). Briefing on this motion shall proceed as set forth in the Court's Order dated February 11, 2026 (Doc. 109).

## IV.   COUNSEL CONDUCT

There is clear strife between counsel for Private Defendants and Plaintiff. Private Defendants have requested their attorney's fees and costs related to their Motion to Strike due to their belief that Plaintiff's partial summary judgment motion was prohibited by the Court. As for Plaintiff, she has twice requested that the Court "admonish" Private Defendants for mischaracterizing her motivations behind filing the state court action as a "deliberate abuse of the legal system," and for repeatedly requesting attorney's fees. (Doc. 95 at 3; Doc. 104 at 16–17.) The Court declines both requests.

Private Defendants' characterizations are no more indecorous than Plaintiff's own satire used in several filings before the Court. (*See, e.g.*, Doc. 95 at 5 (accusing Private Defendants' counsel of "questionable conduct around the holidays"); Doc 104 at 12

("While the Defendants don't like playing defense . . ."). The Court has little interest in these trifling attacks upon an opposing counsel's litigation strategy—whether it is Plaintiff's filing of the state court action or Private Defendants' decision to move for dismissal of that state court action rather than staying it—so long as the action is permissible in rule and law. Similarly, the Court will not referee a game of "they started it" between counsel. That is but a mere distraction from the Court's administration of not only this case, but the hundreds of others before it. And while counsel for both parties implies some nefarious design by the other, the Court observes no frivolous or baseless motion before it. Counsel may disagree with another's position or arguments, such as Private Defendants disagreeing that Plaintiff is permitted to move for partial summary judgment, but those disagreements have not yet been found unsupported either by law or reason.

On balance, there is no sanctionable or reprimandable conduct from Plaintiff's or Private Defendants' counsel. Still, to the extent their advocacy entails unhelpful rhetoric or negative insinuations, counsel should avoid such practice as it will ordinarily be nothing more than a waste of time and paper. Such inflammatory practices also have the tendency to impede the parties' ability to collaborate and are ultimately a disservice to all involved.

**IT IS ORDERED** granting Defendants Arapaho LLC and American Pride Properties, LLC's Motion for Leave to File Sur-Reply in Support of Supplemental Brief (Doc. 93).

**IT IS FURTHER ORDERED** that, no later than **March 12, 2026,** Defendants Maricopa County and Mr. Allen shall file a reply brief addressing Plaintiff's Supplemental Brief (Doc. 92).

**IT IS FURTHER ORDERED** denying Defendants Arapaho, LLC And American Pride Properties, LLC's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and Statement of Undisputed Facts or, in the Alternative, Motion to Stay and/or Deny Without Prejudice Pending Resolution of Defendants' Motion to Dismiss (Doc. 100).

. . .

. . .

**IT IS FURTHER ORDERED** that briefing related to Plaintiff's Motion for Partial Summary Judgment as to Defendants' Liability Under Claims 1 and 6 (Doc. 97) shall proceed as set forth in the Court's Order dated February 11, 2026 (Doc. 109).

Dated this 5th day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge