**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christine M. Searle,

      Plaintiff,

v.

John M. Allen, *et al.*,

      Defendants.

No. CV-24-00025-PHX-JJT

**ORDER**

Almost five years ago, a private entity, Arapaho, successfully foreclosed on Plaintiff's private property pursuant to Arizona's tax lien foreclosure statutes. Plaintiff filed this lawsuit against Arapaho and its assignee, American Pride ("Private Defendants"), and later named Maricopa County and its treasurer, John M. Allen (County Defendants"), alleging that they retained hundreds of thousands of dollars in excess value in violation of the United States Constitution, the Arizona Constitution, and Arizona state law.

On July 16, 2024, the Court dismissed most of Plaintiff's claims under the *Rooker-Feldman* doctrine and the remaining state law claim for lack of supplemental jurisdiction. (Doc. 70.) Plaintiff appealed the dismissal to the Ninth Circuit. (Doc. 72.) Meanwhile, on August 19, 2024, Plaintiff filed a nearly identical state court action in the Maricopa County Superior Court, cause number CV2024-022530. (Doc. 89.) In the ensuing state court action, Defendants moved to dismiss Plaintiff's claims and Plaintiff separately moved to stay the matter pending the resolution of the Ninth Circuit appeal. The state court granted

both motions and ultimately deferred entering the dismissal as a final order until the Ninth Circuit appeal resolved. (*See* Doc. 89-1 at 442–44.)[1]

On August 28, 2025, the Ninth Circuit affirmed in part and reversed in part this Court's dismissal under the *Rooker-Feldman* doctrine. *See Searle v. Allen*, 148 F.4th 1121 (9th Cir. 2025). The effect of that mandate left alive the portion of all Plaintiff's claims that "challenge [] Defendants' post-judgment retention of the excess equity." *Id.* at 1131. This Court held a status conference on November 3, 2025 to discuss the effect of the Ninth Circuit mandate and state court action on the remaining claims at bar. Shortly before the status conference took place, Private Defendants notified this Court that the state court dismissed all Plaintiff's claims with prejudice except for Counts One and Six[2] that were dismissed without prejudice, and Plaintiff appealed that dismissal to the state appellate court. (Doc. 89-1 at 453–61.)

After the status conference, the parties submitted supplemental briefing regarding the viability of claims before this Court (Docs. 88–90, 92). Meanwhile, Plaintiff moved for partial summary judgment on Defendants' liability as to her first and sixth claims only (Docs. 97–98), which Defendants opposed and, as an alternative to their substantive opposition, requested a stay of this matter pursuant to the Court's inherent authority[3] (*see* Doc. 100 at 8; Doc. 101 at 2). Plaintiff opposed the requested stay and argued that partial summary judgment on the two claims that would survive the preclusive effect of the state court judgment—if that judgment was upheld—is appropriate. (Doc. 104 at 14–16; Doc. 105 at 2–3). The Court agreed with Plaintiff, and permitted briefing on partial summary judgment as to Counts One and Six. (Doc. 116.)

After more reflection on the issue, the Court finds *sua sponte* that it is appropriate to stay resolution of the pending motions to dismiss and for partial summary judgment

---

[1] When referring to papers submitted by the parties, the Court cites to the page number as generated by the Electronic Court Filing system, not the parties' own page demarcation.
[2] The state court dismissed the first and fifth claim before it, which were identical to Counts One and Six of Plaintiff's Second Amended Complaint at issue here. (*See* Doc 88 at 4.)
[3] In that vein, Private Defendants later mentioned that a stay under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) may be warranted during the pendency of the state court proceedings, but that discussion was cursory at best. (*See* Doc. 119 at 9.)

- 2 -

pursuant to the *Younger* abstention doctrine until the state court action is resolved. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998) (raising *Younger* abstention *sua sponte*).

The *Younger* abstention doctrine applies when (1) a state judicial proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges, and (4) the federal court's relief would enjoin or have the practical effect of enjoining the state judicial proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). As to the fourth factor, "[p]reclusion rules may be relevant to determining the practical effect of a federal court's relief." *Id.*

First, the state court action and related appeal is ongoing. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system . . ."). "*Younger* abstention applies when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *Yelp Inc. v. Paxton*, 137 F.4th 944, 951 (9th Cir. 2025) (citation modified). Here, the Court did not hold any substantive proceedings before the state court action was filed. Rather, by the time the state court action was filed on August 19, 2024, it had only ruled on its own subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which had nothing to do with the merits of Plaintiff's claims. And while the Court had entered partial judgment in favor of a now-dismissed defendant before the filing of the state court action (*see* Doc. 34), that partial judgment was entered upon stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a)(2) and, again, had nothing to do with the merits of Plaintiff's claims.[4]

---

[4] The Court notes that it did enter a temporary restraining order in favor of Plaintiff during the pendency of the Ninth Circuit appeal (Doc. 75), but that took place after the state court action was filed. For argument's sake, though, assuming that the appeal is the "state proceeding" for the purpose of *Younger* abstention and not the underlying trial court matter, neither this Court's granting of a temporary restraining order nor subsequent denial of a preliminary injunction were done on the merits of Plaintiff's claims. In fact, the Court expressly noted that it was *unable* to consider the merits of Plaintiff's claims at that point. (*See* Doc. 79 at 4 ("the Court is unable to assess the second injunction factor.").) Even to the extent merits were considered, the merits at issue were those of Plaintiff's appeal—which dealt with subject-matter jurisdiction—and not the merits of Plaintiff's claims.

- 3 -

Second, the state court action implicates an important state interest. "[S]tates have an important interest in enforcing orders and judgments of their judicial systems. So long as challenges to the process by which state judgments are obtained relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Gilbertson*, 381 F.3d at 973 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)). In the state court action, Plaintiff's claims challenge the state's tax lien foreclosure process that enabled Private Defendants to obtain a foreclosure judgment from a state court without having to provide just compensation to Plaintiff, and she now appeals the dismissal of those claims to the state appellate court. This is the kind of action that falls within the purview of *Younger* abstention. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (defining the scope of *Younger* to include "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.").

Additionally, *Younger* abstention serves another important purpose recognized by the United States Supreme Court, and that is "to avoid unwarranted determination of federal constitutional questions." When, as here, the federal court is asked to "interpret state statutes in a way that raises federal constitutional questions, a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless." *Pennzoil Co.*, 481 U.S. at 11.

Third, the Court is aware of no state procedural bar that limits Plaintiff's ability to raise federal questions—in fact, Plaintiff had brought all her federal claims before the state court and now seeks an appellate review of that state court's adjudication of those claims. *See, e.g.*, *Woodfeathers, Inc. v. Washington Cnty., Or.*, 180 F.3d 1017, 1021 (9th Cir. 1999) (finding that state court proceedings provided an adequate opportunity to raise federal questions where a party argued federal preemption in both the state trial and appellate courts).

Fourth, the relief currently sought by Plaintiff would have the effect of enjoining the state court proceedings. That relief, as shaped by the Ninth Circuit mandate and as currently represented by Plaintiff, includes declarations that (1) the retention of the surplus equity is a taking not for a public purpose; (2) there was no just compensation provided for the taking of her property in violation of the United States and Arizona Constitutions; (3) the retention of the surplus equity was an excessive fine in violation of the United States and Arizona Constitutions; (4) the state tax lien foreclosure statute violates the Gift Clause of the Arizona Constitution. (Doc. 92; FAC ¶¶ C, E, F, H.) Under Ninth Circuit law, "declaratory relief has the same practical impact as injunctive relief on a pending state proceeding as a result of the preclusive effect of the federal court judgment," so "[f]ederal courts should also refrain from exercising jurisdiction in actions for declaratory relief." *Gilbertson*, 381 F.3d at 975. Courts in the Ninth Circuit also abstain from actions involving damages under § 1983 because the determination of that claim turns on whether a constitutional violation occurred, which "would have the same practical impact as the declaration" and "would frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." *Id*. at 980.

Finally, federal courts recognize that *Younger* abstention may be inappropriate if "the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975) (citation modified). Upon review of the record of the state court action provided by the parties (Doc. 89-1), there is no indication that it was initiated or carried out in bad faith or to harass. As to whether the state tax lien statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it," the Court

cannot properly find it so when that is precisely the subject of dispute between the parties—namely, whether it is an unconstitutional taking, excessive fine, or unconstitutional "gift" when a private party retains the surplus home equity after a foreclosure sale that was sanctified by a state court foreclosure judgment—and the Court has yet to hold an evidentiary hearing or consider any substantive portion of those disputes on the merits.

The factors addressed above counsel in favor of applying *Younger* abstention until the state court action is resolved. The Court elects to stay this matter because a stay, rather than a dismissal, "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) (citation omitted); *see also Gilbertson*, 381 F.3d at 979 (holding that a stay, not a dismissal, is necessary under the *Younger* abstention doctrine where damages, not just discretionary relief, is at issue).

The Court recognizes that *Younger* abstention is to be applied only in exceptional circumstances and "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States." *Jacobs*, 571 U.S. at 73 (citation modified). Here, the claims and relief sought by Plaintiff, including those which are poised for partial summary judgment, are the kind that compel abstention under *Younger* and its progeny.

**IT IS ORDERED** staying this matter until resolution of Maricopa County Superior Court cause number CV2024-022530 and related appeal.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report regarding the status of the state court action and related appeal referenced above no later than **sixty (60) days** from the date of this Order.

Dated this 31st day of July, 2026.

Honorable John J. Tuchi
United States District Judge

- 6 -